UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dale A. Williams, Sr.,                        Case No. 22-cv-1629 (WMW/LIB)

       Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

Nancy Moore, et al.,

       Defendants.

       This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. 636.

       Plaintiff's Amended Complaint, [Docket No. 6-1], names five defendants: Nancy Moore, Sara Kulas, Samantha J. Suhonen, Scott Johnson, and Jim Berg. (See Amended Compl. [Docket No. 6-1] at 3–4). Plaintiff purports to bring suit against these Defendants in their individual and official capacities. (Id. at 1).

       More than 90 days after Plaintiff filed his Amended Complaint, Plaintiff had failed to provide proof that he had served a summons and a copy of the Complaint on any defendant. (See Order [Docket No. 18]). Accordingly, the Court issued an Order notifying Plaintiff that the Federal Rules of Civil Procedure require plaintiffs to demonstrate proof of service "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), the Court ordered Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve

defendants failing which the Court would recommend dismissal for failure to effect proper service and failure to prosecute. (Order [Docket No. 18]).

Thereafter, Plaintiff requested an extension of the time in which he was required to serve defendants. The Court granted Plaintiff an additional thirty days to effectuate service upon defendants.[1] The Court again forewarned Plaintiff that if he failed to effect service of process in the time permitted, then the undersigned would recommend that this matter be dismissed for failure to effect proper service. (Order [Docket No. 18]).

The time for Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve Defendants has long since passed, and Plaintiff has neither provided proof of service nor articulated good cause as to why the Court should grant him another extension of time to do so. Although Plaintiff filed documents purporting to have effectuated service upon defendants Nancy Moore, Sara Kulas, and Samantha Suhonen, Plaintiff again failed to effectuate proper service on these defendants. (Certificates [Docket No. 21]). Plaintiff caused the Carlton County's Sheriff's Office to serve a "Waiver of Service of Summons" form and a copy of Plaintiff's "Amended Complaint" upon defendants Nancy Moore, Sara Kulas, and Samantha Suhonen; however, these waiver of service forms have not been completed or returned by any defendant. (Id.). Moreover, the Plaintiff did not provide the Sheriff's office with the required summons for service on any of the Defendants. As the Court previously explained to Plaintiff, the unilateral delivery of a Waiver of Service form does not constitute effectual service of process.

---

[1] Although it appeared Plaintiff had attempted to effectuate service of process, he had done so through ineffective means. As the Court explained to Plaintiff in its previous Order, unilaterally mailing a "Waiver of Service" to a defendant does not constitute proper service of process when the intended defendant fails to sign and return the form. (Order [Docket No. 18] at 2). The Court also noted that the mailing of the "Waiver of Service" forms was ineffectual because it did not appear that the form was accompanied by a copy of the Amended Complaint or a prepaid means for returning the form as required by Rule 4(f). (Order [Docket No. 18] at 2 n.1). Similarly, the Court explained to Plaintiff that his attempt to serve defendants through certified mail were ineffectual because service through certified mail is not proper service in the present case. (Id.) (citing Fed. R. Civ. P. 4(e)).

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's prior Orders. [Docket Nos. 16, 18]. Because the Court previously forewarned Plaintiff of the potential consequences of failure to abide by the Court's Order, the Court now recommends that this action be dismissed without prejudice for failure to comply with the Court's prior Orders, [Docket Nos. 16, 18], and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**.


Dated:  November 15, 2023                    s/Leo I. Brisbois
                                             Hon. Leo I. Brisbois
                                             U.S. MAGISTRATE JUDGE


# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).