UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale A. Williams, Sr., | Case No. 22-cv-1629 (WMW/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Nancy Moore, Sarah Kulas, Samantha J. Suhonen, Scott Johnson, and James Berg, | |
| Defendants. | |

This matter is before the Court on the November 15, 2023 Report and Recommendation from United States Magistrate Judge Leo I. Brisbois ("R&R"). (Dkt. 24.) Plaintiff Dale A. Williams, Sr. filed objections to the R&R. (Dkt. 26.) For the reasons stated below, the Court overrules the objections, adopts the R&R and dismisses the complaint without prejudice.

## BACKGROUND

Williams filed suit against Defendants Nancy Moore, Sara Kulas, Samantha J. Suhonen, Scott Johnson and James Berg alleging claims related to his incarceration. (Dkt. 24 at 1.) He filed an Amended Complaint on September 23, 2022, naming the five defendants in their individual and official capacities.

Federal Rule of Civil Procedure 4(m) requires proof of service within 90 days after a complaint is filed. More than 90 days after filing the Amended Complaint, Williams had not provided proof he served any Defendant. On May 24, 2023, the Court issued an Order directing Williams to provide proof of service within 30 days in order to avoid dismissal.

Although Williams later filed Certificates of Service purporting to show proof of service, he failed to properly effect service during the time permitted by the Court. The Certificates of Service indicate that the Sheriff's Office delivered waiver of service forms and the Amended Complaint to Defendants, but the forms were not completed by Defendants. Williams also failed to provide the required summonses.

In the November 15, 2023 R&R, the magistrate judge recommended dismissal without prejudice for failure to comply with orders directing Williams to complete service properly and for failure to prosecute. (Dkt. 24.) Williams subsequently filed objections to the R&R. (Dkts. 25, 26.)

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015). In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Williams is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

On November 20, 2023, Williams filed a letter inquiring about his case status that the Court construes as an objection. Williams states that he sent proof of service but has not received any filings from Defendants or the Court. (Dkt. 25.) The letter does not provide any valid proof of service, nor does it excuse Williams' failure to serve Defendants properly. Williams also filed an untimely objection on December 7, 2023, well beyond the 14-day limit under Local Rule 72.2(b)(1). (Dkt. 26.) The Court will not consider that objection because it is untimely. *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1206 (8th Cir. 1983).

In his timely-filed objection, Williams fails to identify the portions of the R&R to which he objects and merely repeats arguments that were made before the magistrate judge. Therefore, this Court reviews the objections for clear error. *Grinder*, 73 F.3d at 795. Although Williams maintains that he served Defendants, he has failed to provide proof of effective service that complies with Rule 4, despite orders from the Court directing him to do so. Fed. R. Civ. P. 4. As the R&R explains, delivering waiver of service forms that have not been signed and returned is insufficient to establish proof of service. (Dkt. 24 at 2.) Although Williams repeatedly was instructed to provide valid proof of service, he has not done so. *See Widtfeldt v. Daugherty*, 587 F. App'x 992 (8th Cir. 2014). The R&R properly concludes that Williams failed to serve Defendants as ordered and failed to prosecute this case.

The Court reviews for clear error those parts of the R&R to which neither party objects. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note (stating that "[w]hen no timely objection is filed, the court need only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation"). Having carefully performed this review, the Court finds no clear error and adopts the portions of the R&R to which neither party objected. This matter is dismissed without prejudice for failure to effect proper service on Defendants and for failure to prosecute.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Dale A. Williams, Sr.'s objections to the November 15, 2023 Report and Recommendation, (Dkts. 25, 26), are **OVERRULED**;

2. The November 15, 2023 Report and Recommendation, (Dkt. 24), is **ADOPTED**; and

3. Plaintiff Dale A. Williams, Sr.'s complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 3, 2024                           s/ Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge